**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| King Auto Sale, Inc.<br><br>Plaintiff,<br><br>v.<br><br>King Auto, Inc.,<br><br>Defendant. | Civil Action No. _________________<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff King Auto Sale, Inc. files this Complaint against Defendant King Auto, Inc., and alleges as follows:

## PARTIES

1. King Auto Sale, Inc. is a Colorado corporation.

2. King Auto, Inc. is a Colorado corporation.

3. King Auto, Inc. has a place of business at 2180 S. Havana St., Aurora, CO 80014, and has identified its registered agent as Niguss Yohannes Solomon located at 22540 E. Ridge Trail Dr., Aurora, CO 80016.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Defendant because it maintains a regular place of business and has regular and systematic contacts with this State and this district. Defendant has also recently begun operating a car sales business under the name KING AUTO

in this State and district which gave rise to the claims in this lawsuit. Therefore, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

5. This Complaint has five claims for relief: (1) federal unfair competition; (2) federal trademark infringement; (3) state common-law trademark infringement; (4) state unfair competition; and (5) state deceptive trade practices.

6. This Court has subject matter jurisdiction over this dispute because this dispute arises out of claims of federal trademark infringement. 28 U.S.C. §§ 1331, 1332, and 1338

7. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law and common law claims because those claims are so related to the federal claims that they form part of the same case or controversy

8. Pursuant to 28 U.S.C. § 1391, venue is proper in this district because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this district, and the Court has personal jurisdiction over Defendant.

## FACTS

9. Plaintiff King Auto Sale, Inc. began offering cars for sale to the public under the trademark KING AUTO in 2018.

10. On June 27, 2019, Plaintiff filed a Statement of Trade Name with the Colorado Secretary of State stating that it was operating under the tradename KING AUTO offering used car sales.

11. Since its founding, Plaintiff has continuously operated out of its location at 2000 S. Quebec St., Suite D, Denver, Colorado 80231.

12. Plaintiff has expended substantial time, money, and resources promoting its automobile sales business under the trademark KING AUTO.

13. Plaintiff continues to use the KING AUTO trademark in commerce and interstate commerce.

14. Plaintiff's customers include many customers who reside in Colorado, but Plaintiff routinely sells automobiles to customers who reside in states other than Colorado.

15. Through its substantial use in commerce and its advertising efforts, consumers in Colorado and in other states have come to recognize the quality of the services offered by Plaintiff under its KING AUTO trademark.

16. On July 21, 2026, Plaintiff obtained United States Trademark Registration No. 8,352,406 for its KING AUTO trademark in Class 35 covering "Dealerships in the field of cars."

17. Attached to this complaint as Exhibit A is a copy of the registration certificate issued by the United States Patent and Trademark Office for United States Trademark Registration No. 8,352,406.

18. On or about April 12, 2026, Defendant began offering and selling cars under the trademark KING AUTO.

19. Defendant offers services that are substantially similar or identical to, and compete with, the services offered by Plaintiff.

20. Defendant is operating under the name KING AUTO without the authorization of Plaintiff.

21. Plaintiff has evidence of actual consumer confusion.

22. Plaintiff receives numerous calls from consumers asking about its "other location" on Havana Street in Denver. In fact, Defendant's business is on Havana Street.

23. Plaintiff's Google page has also received negative reviews from customers of Defendant.

24. The trademarks of Plaintiff and Defendant are identical or substantially similar.

25. The services offered by Plaintiff and Defendant are identical or so similar that concurrent use of their trademarks is likely to cause confusion, mistake, or deception. Defendant's use of the KING AUTO mark, therefore, creates a confusingly similar commercial impression.

26. Thus, consumers will likely believe that Defendant's use of the KING AUTO mark in connection with its services is in some way associated or connected with, sponsored, authorized, approved or licensed by Plaintiff, in violation of the Lanham Act and Colorado common law.

## **CLAIM 1: Federal Unfair Competition**

27. Plaintiff restates and realleges the preceding paragraphs.

28. Plaintiff's KING AUTO trademark is distinctive and legally protectable as applied to used car sales.

29. Defendant's use of the KING AUTO mark is likely to cause and has actually caused confusion or mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff.

30. Defendant's use of the KING AUTO mark is likely to cause and has actually caused confusion or mistake, or to deceive as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff.

31. Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

32. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

34. Plaintiff has been damaged by Defendant's use of the KING AUTO mark and the resulting actual confusion.

35. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## CLAIM 2: Federal Trademark Infringement Trademark Infringement

36. Plaintiff restates and realleges the preceding paragraphs.

37. Plaintiff is the owner of United States Trademark Registration No. 8,352,406 for its KING AUTO trademark in Class 35 covering "Dealerships in the field of cars."

38. Defendant is using the trademark KING AUTO in commerce without the authorization of Plaintiff.

39. As detailed above, there is a likelihood of confusion between Plaintiff's and Defendant's use of the KING AUTO trademark, at least, because the trademarks are so similar and there is evidence of actual confusion.

40. Defendant's unauthorized use of the KING AUTO trademark has damaged Plaintiff in an amount to be proved at trial.

41. Defendant's use of the KING AUTO trademark constitutes trademark infringement under 15 U.S.C. § 1114.

## CLAIM 3: Colorado Common Law Trademark Infringement

42. Plaintiff restates and realleges the preceding paragraphs.

43. Plaintiff's KING AUTO trademark is distinctive and legally protectable as applied to used car sales.

44. Plaintiff owns all right, title, and interest in and to the KING AUTO mark, including all common law rights in such mark.

45. Defendant, without authorization from Plaintiff, used—and continues to use—a trademark that is identical to, substantially indistinguishable from, or confusingly similar to Plaintiff's trademark.

46. Defendant's use of the KING AUTO mark in commerce in the State of Colorado is likely to cause and has actually caused confusion or mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff.

47. Defendant's use of the KING AUTO mark in commerce in the State of Colorado is likely to cause and has actually caused confusion or mistake, or to deceive as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff.

48. Plaintiff has been damaged by Defendant's use of the KING AUTO mark in commerce and the resulting actual confusion.

49. Defendant's acts constitute trademark infringement in violation of the common law of the State of Colorado.

50. Upon information and belief, Defendant has profited from its unlawful actions and have been unjustly enriched to the detriment of Plaintiff. Defendant's unlawful actions have caused Plaintiff damage in an amount presently unknown, but in an amount to be determined at trial.

51. Plaintiff has been irreparably harmed and will continue to be irreparably harmed as a result of Defendant's unlawful acts unless Defendant is permanently enjoined from its unlawful conduct.

## **CLAIM 4: Colorado Common Law Unfair Competition**

52. Plaintiff restates and realleges the preceding paragraphs.

53. By the acts described above, Defendant engages—and continues to engage—in unfair competition in violation of the common law of the State of Colorado.

54. Defendant's unlawful acts are causing great and irreparable injury to Plaintiff and will continue to irreparably harm Plaintiff unless enjoined.

55. Upon information and belief, Defendant has profited from its unlawful actions and has been unjustly enriched to the detriment of Plaintiff.

56. Defendant's unlawful actions have caused Plaintiff damage in an amount presently unknown, but in an amount to be determined at trial.

**CLAIM 5: Colorado Deceptive Trade Practices**

57. Plaintiff restates and realleges the preceding paragraphs.

58. By the acts described above, Defendant has engaged in violations of Colorado's Deceptive Trade Practices statute, C.R.S. § 6-1-105.

59. In particular, Defendant's use of the trademark KING AUTO in Colorado is at least one of: (a) knowingly or recklessly passing off goods, services, or property as those of another, (b) knowingly or recklessly making a false representation as to the source, sponsorship, approval, or certification of goods, services, or property, (c) knowingly or recklessly making a false representation as to affiliation, connection, or association with or certification by another, or (e) knowingly or recklessly making a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith.

60. Defendant's unlawful actions in violation of C.R.S. § 6-1-105 have caused Plaintiff damage in an amount presently unknown, but in an amount to be determined at trial.

61. Defendant's actions in offering identical services under the KING AUTO trademark were undertaken in bad faith.

## PRAYER FOR RELIEF

A. Declaring that Defendant violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), 15 U.S.C. § 1114, Common Law Trademark Infringement, Common Law Unfair Competition, and engaged in Deceptive Trade Practices under C.R.S. § 6-1-105.

B. Granting an injunction permanently enjoining the Defendant and its franchisees, employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a. manufacturing, distributing/providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute/provide, sell, market, advertise or promote any automobile sales services bearing the KING AUTO mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's KING AUTO mark;

b. engaging in any activity that infringes Plaintiff's rights in its KING AUTO mark;

c. engaging in any activity constituting unfair competition with Plaintiff; and

d. making or displaying any statement, representation, or depiction that is likely to mislead the public or the trade to believe that (i) Defendant's services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

C. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's services.

D. Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, email, websites, applications, and other materials that feature or bear any designation or mark incorporating the "KING AUTO" mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's KING AUTO mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the KING AUTO mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's KING AUTO mark, and to immediately remove them from public access and view.

E. Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)-

(b)) and the common law, enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

F. Awarding Plaintiff punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement or bad faith conduct.

G. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder.

H. Awarding Plaintiff its reasonable attorney's fees and costs under C.R.S. § 6-1-113(2).

I. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

J. Awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable.

Dated: October 9, 2026

Respectfully submitted,

*/s/ James R. Gourley*

James R. Gourley
Colorado Bar No. 55526
**CARSTENS, ALLEN & GOURLEY, LLP**
1707 Cole Blvd, Suite 210
Golden, Colorado 80401
(720) 798-6680
gourley@caglaw.com

*Counsel for Plaintiff*